## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

GLAXOSMITHKLINE INTELLECTUAL
PROPERTY DEVELOPMENT LIMITED,
GLAXOSMITHKLINE LLC, and GLAXO
GROUP LIMITED,

                Plaintiffs,

     v.

TRANSPIRE BIO INC.

                Defendant.

_____

Civil Action No.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs GlaxoSmithKline Intellectual Property Development Limited ("GSK IP"), GlaxoSmithKline LLC ("GSK LLC"), and Glaxo Group Limited ("Glaxo Group" and collectively, "GSK") bring this Complaint for Patent Infringement against Defendant Transpire Bio Inc. ("Transpire" or "Defendant"), and allege as follows:

### NATURE OF THE ACTION

1.     This is an action for infringement of GSK's valuable patent rights relating to U.S. Patent Nos. 8,534,281 (the "'281 Patent"), 8,746,242 (the "'242 Patent"), 9,750,726 (the "'726 Patent"), 11,090,294 (the "'294 Patent"), and 12,396,986 (the "'986 Patent" and collectively, "the Asserted Patents"), arising under the patent laws of the United States, Title 35, United States Code, 35 U.S.C. § 100, *et seq*.

2.     GSK's TRELEGY ELLIPTA drug product is a fluticasone furoate, umeclidinium, and vilanterol inhalation powder.  TRELEGY ELLIPTA is indicated for the maintenance treatment of patients with chronic obstructive pulmonary disease ("COPD") and the maintenance treatment

of asthma in patients aged 18 years and older.  GSK's TRELEGY ELLIPTA product is protected in the United States by the Asserted Patents.

3.      This action relates to Abbreviated New Drug Application ("ANDA") No. 220811 filed or caused to be filed by Defendant with the U.S. Food and Drug Administration ("FDA") and seeking approval to market a generic version of GSK's TRELEGY ELLIPTA drug product.

## PARTIES

4.      Plaintiff GSK IP is a corporation organized and existing under the laws of England and Wales, with its principal place of business at GSK Medicines Research Centre, Gunnels Wood Road, Stevenage SG1 2NY, United Kingdom.  GSK IP is the holder of approved New Drug Application ("NDA") No. 209482.

5.      Plaintiff GSK LLC is a corporation organized and existing under the laws of Delaware, having its principal place of business at Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

6.      Plaintiff Glaxo Group is a corporation organized and existing under the laws of England and Wales, having its principal place of business at GSK Medicines Research Centre, Gunnels Wood Road, Stevenage SG1 2NY, United Kingdom.  Glaxo Group is the owner by assignment of the Asserted Patents.

7.      Upon information and belief, Defendant Transpire is a corporation organized and existing under the laws of Florida, having its principal place of business at 1300 Concord Terrace, Suite 310, Sunrise, Florida 33323.  On information and belief, Transpire manufactures and sells generic versions of branded products for the United States market, including in this judicial district.

8.      Upon information and belief, Defendant prepared and submitted ANDA No. 220811 to the FDA.

9.      Upon information and belief, following any FDA approval of ANDA No. 220811, Defendant will make, use, offer to sell, and/or sell the proposed generic drug product that is the subject of ANDA No. 220811 throughout the United States, and/or import such generic drug product into the United States, including in this juridical district.

## JURISDICTION AND VENUE

10.      This action arises under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

11.      Venue is proper in this district, pursuant to 28 U.S.C. §§ 1391 and 1400(b), because Transpire is incorporated in the State of Florida, resides in this judicial district, and committed a substantial portion of the acts giving rise to the claims in this district.

12.      Based on the facts and causes alleged herein, this Court has personal jurisdiction over Defendant.  This Court has personal jurisdiction over Transpire because Transpire is a Florida corporation that is headquartered in Florida.  Upon information and belief, Transpire has engaged in a persistent course of conduct within Florida by directly manufacturing, marketing, distributing, and/or selling pharmaceutical products in Florida.

13.      Upon information and belief, Defendant will manufacture, market, and/or sell within the United States the generic version of GSK's TRELEGY ELLIPTA described in ANDA No. 220811 if approved by the FDA.  If ANDA No. 220811 is approved, the generic version of GSK's TRELEGY ELLIPTA charged with infringing the Asserted Patents would, upon information and belief, among other things, be marketed and distributed in Florida, prescribed by physicians practicing in Florida, dispensed by pharmacies located in Florida, and/or used by persons in Florida, all of which would have a substantial effect on Florida.

14.     GSK enjoys sales in Florida of its TRELEGY ELLIPTA drug product, which practices the claims of the Asserted Patents.  If the FDA approves ANDA No. 220811, Defendant's manufacturing, marketing, and sales of its generic version of GSK's TRELEGY ELLIPTA will cause GSK substantial injury in Florida.

15.     In addition, Transpire has previously submitted to the jurisdiction of this Court and has previously availed itself of this Court, including by asserting counterclaims in other civil actions initiated in this jurisdiction.  For example, Transpire did not contest jurisdiction in Florida and has filed counterclaims in the action stylized as *Glaxo Group Ltd. v. Transpire Bio Inc.*, No. 0:25-cv-61939, Dkt. 34 (S.D. Fla. Nov. 21, 2025).

## BACKGROUND

16.     GSK IP holds NDA No. 209482 for TRELEGY ELLIPTA.  TRELEGY ELLIPTA is a fluticasone furoate, umeclidinium, and vilanterol inhalation powder.  It was approved by the FDA on September 18, 2017.  TRELEGY ELLIPTA is indicated for the maintenance treatment of patients with chronic obstructive pulmonary disease ("COPD").  TRELEGY ELLIPTA is also indicated for the maintenance treatment of asthma in patients aged 18 years and older.

17.     Pursuant to 21 U.S.C. § 355 and the attendant FDA regulations, the Asserted Patents have been listed in connection with TRELEGY ELLIPTA in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, which is referred to as the "Orange Book."  TRELEGY ELLIPTA, its use, and its formulation, practice one or more claims of the Asserted Patents.

## THE '281 PATENT

18.     Glaxo Group is the lawful owner by assignment of the '281 Patent, entitled "Manifold For Use In Medicament Dispenser," which was duly and legally issued by the U.S.

Patent and Trademark Office on September 17, 2013.  A true and correct copy of the '281 Patent is attached hereto as **Exhibit A**.  The claims of the '281 Patent are valid and enforceable.

19.     The '281 Patent claims, *inter alia*, a manifold for use in a medicament dispenser device for the delivery of medicament powder from an open blister pocket of each of plural blister packs.  *See* Ex. A at 35:33-39:15.

20.     The '281 Patent expires no earlier than March 8, 2030.

21.     The '281 Patent has an additional six-month pediatric extension that expires no earlier than September 8, 2030.

22.     The claims of the '281 Patent are generally directed to GSK's innovations to develop a next generation, convenient, and easy to use dry powder inhaler that allows greater versatility in treatment options with single or multiple strip configurations that can hold distinct medicine formulations including combination therapies.  *See* Ex. A at 35:33-39:15.

23.     Glaxo Group, as the owner of the entire right, title, and interest in the '281 Patent, possesses the right to sue for past, present, and future infringement of the '281 Patent.

## THE '242 PATENT

24.     Glaxo Group is the lawful owner by assignment of the '242 Patent, entitled "Medicament Dispenser," which was duly and legally issued by the U.S. Patent and Trademark Office on June 10, 2014.  A true and correct copy of the '242 Patent is attached hereto as **Exhibit B**.  The claims of the '242 Patent are valid and enforceable.

25.     The '242 Patent claims, *inter alia*, a medicament dispenser for use with at least one medicament carrier carrying multiple distinct medicament portions.  *See* Ex. B at 21:29-24:28.

26.     The '242 Patent expires no earlier than October 11, 2030.

27.     The '242 Patent has an additional six-month pediatric extension that expires no earlier than April 11, 2031.

28.     The claims of the '242 Patent are generally directed to GSK's innovations to develop a next generation, convenient, and easy to use dry powder inhaler that allows greater versatility in treatment options with single or multiple strip configurations that can hold distinct medicine formulations including combination therapies.  *See* Ex. B at 21:29-24:28.

29.     Glaxo Group, as the owner of the entire right, title, and interest in the '242 Patent, possesses the right to sue for past, present, and future infringement of the '242 Patent.

## THE '726 PATENT

30.     Glaxo Group is the lawful owner by assignment of the '726 Patent, entitled "Combinations Of A Muscarinic Receptor Antagonist And A Beta-2 Adrenoreceptor Agonist," which was duly and legally issued by the U.S. Patent and Trademark Office on September 5, 2017. A true and correct copy of the '726 Patent is attached hereto as **Exhibit C**.  The claims of the '726 Patent are valid and enforceable.

31.     The '726 Patent claims, *inter alia*, pharmaceutical combination products including umeclidinium and vilanterol or umeclidinium, vilanterol, and fluticasone furoate.  *See* Ex. C at 22:24-24-37.

32.     The '726 Patent expires no earlier than November 29, 2030.

33.     Glaxo Group, as the owner of the entire right, title, and interest in the '726 Patent, possesses the right to sue for past, present, and future infringement of the '726 Patent.

## THE '294 PATENT

34.     Glaxo Group is the lawful owner by assignment of the '294 Patent, entitled "Combinations Of A Muscarinic Receptor Antagonist And A Beta-2 Adrenoreceptor Agonist,"

which was duly and legally issued by the U.S. Patent and Trademark Office on August 17, 2021. A true and correct copy of the '294 Patent is attached hereto as **Exhibit D**. The claims of the '294 Patent are valid and enforceable.

35.     The '294 Patent claims, *inter alia*, a method of treating chronic obstructive pulmonary disease (COPD) in a human. *See* Ex. D at 23:20.

36.     The '294 Patent expires no earlier than November 29, 2030.

37.     Glaxo Group, as the owner of the entire right, title, and interest in the '294 Patent, possesses the right to sue for past, present, and future infringement of the '294 Patent.

## THE '986 PATENT

38.     Glaxo Group is the lawful owner by assignment of the '986 Patent, entitled "Combinations Of A Muscarinic Receptor Antagonist And A β-2 Adrenoreceptor Agonist," which was duly and legally issued by the U.S. Patent and Trademark Office on August 26, 2025. A true and correct copy of the '986 Patent is attached hereto as **Exhibit E**. The claims of the '986 Patent are valid and enforceable.

39.     The '986 Patent claims, *inter alia*, pharmaceutical combination products including umeclidinium and vilanterol or umeclidinium, vilanterol, and fluticasone furoate. *See* Ex. E at 18:28-24:17.

40.     The '986 Patent expires no earlier than November 29, 2030.

41.     Glaxo Group, as the owner of the entire right, title, and interest in the '986 Patent, possesses the right to sue for past, present, and future infringement of the '986 Patent.

## INFRINGEMENT BY DEFENDANT

42.     In a letter dated January 21, 2026 ("Defendant's Notice Letter"), Transpire notified GSK that it had submitted ANDA No. 220811 to the FDA under Section 505(j) of the Federal

Food, Drug, and Cosmetic Act, *see* 21 U.S.C. § 355(j), seeking approval, prior to the expiration of the Asserted Patents, to engage in the commercial manufacture, use, offer for sale, sale, or importation of a proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate inhalation powder.

43. By filing ANDA No. 220811, and upon information and belief, Defendant has represented to the FDA that the components of its proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate has the same active ingredients, the same route of administration, the same dosage form, and the same strengths as the corresponding components of TRELEGY ELLIPTA. By filing ANDA No. 220811, and upon information and belief, Defendant has represented that its proposed generic version of TRELEGY ELLIPTA containing fluticasone furoate, umeclidinium bromide, and vilanterol trifenatate is bioequivalent to TRELEGY ELLIPTA.

44. Defendant has committed an act of infringement, pursuant to 35 U.S.C. § 271(e)(2), by filing ANDA No. 220811 under 21 U.S.C. § 355(j) seeking approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of its proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate before the expiration of the Asserted Patents.

45. GSK is entitled under 35 U.S.C. § 271(e)(4) to full relief from Defendant's acts of infringement, including an Order by this Court ensuring that the effective date of any approval by

the FDA of ANDA No. 220811, relating to Defendant's proposed generic version of TRELEGY ELLIPTA, shall not be earlier than the expiration of the Asserted Patents.

46.     GSK filed its Complaint before the expiration of the forty-five-day period from the day after GSK received the Defendant's Notice Letter, which was dated January 21, 2026. Accordingly, GSK is entitled to a thirty-month stay under 21 U.S.C. § 355(j)(5)(B)(iii) and 21 C.F.R. § 314.107(b)(3).

## COUNT I (INFRINGEMENT OF THE '281 PATENT BY DEFENDANT)

47.     Each of the preceding paragraphs 1 through 46 is incorporated as if fully set forth herein.

48.     Defendant's submission of ANDA No. 220811 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of its proposed generic version of TRELEGY ELLIPTA before the expiration of the '281 Patent constitutes infringement of one or more of the claims of the '281 Patent under 35 U.S.C. § 271(e)(2)(A).

49.     Specifically, the composition of Defendant's proposed generic version of TRELEGY ELLIPTA and the way it is proposed to be made, used, and sold as described in Defendant's Notice Letter, will, if marketed and sold, infringe each and every limitation of one or more claims of the '281 Patent, including at least claim 1, literally or under the doctrine of equivalents.

50.     Claim 1 of the '281 Patent recites:

A manifold for use in a medicament dispenser device for the delivery of medicament powder from an open blister pocket of each of plural blister packs, the manifold comprising

a body,

said body defining a chimney having only a single chimney inlet and plural chimney exits for directing airflow from said chimney inlet to said chimney exits;

the body further defining a chamber having plural chamber inlets and a chamber exit,

wherein the chimney exits and chamber inlets are arranged to form plural pairings of chimney exit and chamber inlet, each said pairing in use associated with an open blister pocket of a different one of said plural blister packs;

wherein the chimney exit and chamber inlet of the plural pairings lie side-by-side each other such that when said open blister pocket of the associated blister packs are positioned adjacent thereto said airflow is directed from chimney exit to chamber inlet via the associated open blister pockets to entrain said medicament powder and enable transport thereof in the airflow from the chamber inlet to said chamber exit, and wherein one or more bleed holes are provided between the chimney and the chamber such that bleed airflow is able to be directed into the chamber to disruptively impact the airflow that transports the entrained medicament powder.

Ex. A at 35:33-59.

51.     According to Defendant's Notice Letter, and upon information and belief, Defendant's generic version of TRELEGY ELLIPTA will have the same route of administration and dosage form as TRELEGY ELLIPTA, which uses an inhaler device.  Accordingly, on information and belief, Transpire's generic version of TRELEGY ELLIPTA will use an inhaler device.  For example, Transpire's website discloses delivery "platforms" including "dry-powder inhalers."  Ex. F; *see also* Ex. G (depicting inhalers); Ex. H (same); Ex. I (same); Ex. J (same).

52.     According to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA will have the same active ingredients as TRELEGY ELLIPTA.  Thus, on information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA will contain the following dry powder active ingredients: (1) fluticasone furoate; (2) umeclidinium bromide; and (3) vilanterol trifenatate.

53.     Upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA has a manifold for use in a medicament dispenser device for the delivery of medicament

powder from an open blister pocket of each of plural blister packs. *See, e.g.*, Ex. J (depicting manufacture of medicament blister packs).

54.     According to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA has a manifold comprising a body.

55.     Upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA has a manifold which further comprises a body defining a chimney having only a single chimney inlet and plural chimney exits for directing airflow from said chimney inlet to said chimney exits.

56.     Upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA has a manifold, where the body of the manifold further defines a chamber having plural chamber inlets and a chamber exit.

57.     Upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA has chimney exits and chamber inlets that are arranged to form plural pairings of chimney exit and chamber inlet, each said pairing in use associated with an open blister pocket of a different one of said plural blister packs.

58.     Upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA has a manifold, wherein the chimney exit and chamber inlet of the plural pairings lie side-by-side each other such that when said open blister pocket of the associated blister packs are positioned adjacent thereto said airflow is directed from chimney exit to chamber inlet via the associated open blister pockets to entrain said medicament powder and enable transport thereof in the airflow from the chamber inlet to said chamber exit, and wherein one or more bleed holes are provided between the chimney and the chamber such that bleed airflow is able to be directed into the chamber to disruptively impact the airflow that transports the entrained medicament powder.

59.    Upon information and belief, Defendant had actual and constructive knowledge of the '281 Patent before filing ANDA No. 220811, and was aware that the filing of ANDA No. 220811 with the FDA constituted an act of infringement of the '281 Patent.

60.    Upon information and belief, Defendant knows that its proposed generic version of TRELEGY ELLIPTA and the proposed labeling for that product are especially made or adapted for use in infringing the '281 Patent, and that the proposed generic version of TRELEGY ELLIPTA and the proposed labeling are not suitable for any substantial noninfringing use.  Upon information and belief, Defendant plans and intends to infringe, and will induce and/or contribute to the infringement of, the '281 Patent, immediately and imminently upon FDA approval of ANDA No. 220811.

61.    Upon FDA approval of ANDA No. 220811, Defendant will infringe the '281 Patent by making, using, offering to sell, and selling its proposed generic version of TRELEGY ELLIPTA in the United States and/or importing such proposed generic drug product into the United States, and by actively inducing and contributing to infringement by others, in violation of 35 U.S.C. § 271(a)-(c), unless enjoined by the Court.

62.    If infringement of the '281 Patent by Defendant is not enjoined, GSK will suffer immediate, substantial, and irreparable harm for which there is no adequate remedy at law.

63.    Transpire's infringement of the '281 Patent is willful.

### COUNT II (INFRINGEMENT OF THE '242 PATENT BY DEFENDANT)

64.    Each of the preceding paragraphs 1 through 46 is incorporated as if fully set forth herein.

65.    Defendant's submission of ANDA No. 220811 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of its proposed generic version

of TRELEGY ELLIPTA before the expiration of the '242 Patent constitutes infringement of one or more claims of the '242 Patent under 35 U.S.C. § 271(e)(2)(A).

66.     Specifically, the composition of Defendant's proposed generic version of TRELEGY ELLIPTA and the way it is proposed to be made, used, and sold as described in Defendant's Notice Letter, will, if marketed and sold, infringe each and every limitation of at least claim 1 of the '242 Patent.  According to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA comprises a medicament dispenser for use with at least one medicament carrier carrying multiple distinct medicament portions, which will, if marketed and sold, infringe each and every limitation of one or more claims of the '242 Patent, including at least claim 1, literally or under the doctrine of equivalents.

67.     Claim 1 of the '242 Patent recites:

A medicament dispenser for use with at least one medicament carrier carrying multiple distinct medicament portions, said medicament dispenser comprising

(a) a dispensing mechanism actuable for dispensing the distinct medicament portions carried by said at least one medicament carrier;

(b) a mouthpiece; and

(c) a cover for said mouthpiece, said cover being movably mounted to the dispenser for sequential movement from a first position, in which said mouthpiece is covered, to a second position, in which said mouthpiece is part-uncovered, to a third position in which said mouthpiece is uncovered;

wherein said cover is adapted to couple with said dispensing mechanism such that movement of the cover from the first position to the second position does not result in actuation of the dispensing mechanism, but any further movement of the cover from the second position to the third position results in actuation of the dispensing mechanism.

Ex. B at 21:29-48.

68.     According to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA will have the same route of

administration and dosage form as TRELEGY ELLIPTA, which comprises an inhaler device. Accordingly, on information and belief, Transpire's generic version of TRELEGY ELLIPTA will comprise an inhaler device that constitutes a medicament dispenser. For example, Transpire's website discloses delivery "platforms" including "dry-powder inhalers." Ex. F; *see also* Ex. G (depicting inhalers); Ex. H (same); Ex. I (same); Ex. J (same).

69.     According to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA will have the same active ingredients as TRELEGY ELLIPTA. Thus, on information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA will contain the following medicaments: (1) fluticasone furoate; (2) umeclidinium bromide; and (3) vilanterol trifenatate.

70.     According to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA comprises a medicament dispenser for use with at least one medicament carrier carrying multiple distinct medicament portions. *See, e.g.*, Ex. J ("We have developed commercial scale, clinical-stage inhalation formulation technologies and delivery platforms that are fully customizable to different clinical applications."); *id.* ("Our inhalation technology platforms have wide applicability and can support small molecules, polypeptides, protein, oligonucleotides, biologics, and vaccines."); *id.* (depicting "Rollingstar$^{TM}$ dry powder inhaler").

71.     Upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA comprises a medicament dispenser further comprising a dispensing mechanism actuable for dispensing the distinct medicament portions carried by said at least one medicament carrier. *See, e.g.*, Ex. J.

72.     Upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA comprises a medicament dispenser further comprising a mouthpiece.  *See, e.g.*, Ex. G (depicting inhalers); Ex. H (same); Ex. I (same); Ex. J (same).

73.     Upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA comprises a medicament dispenser further comprising a cover for said mouthpiece, said cover being movably mounted to the dispenser for sequential movement from a first position, in which said mouthpiece is covered, to a second position, in which said mouthpiece is part-uncovered, to a third position in which said mouthpiece is uncovered.  *See, e.g.*, Ex. G (depicting inhalers); Ex. H (same); Ex. I (same); Ex. J (same).

74.     Upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA comprises a medicament dispenser wherein the cover is adapted to couple with said dispensing mechanism such that movement of the cover from the first position to the second position does not result in actuation of the dispensing mechanism, but any further movement of the cover from the second position to the third position results in actuation of the dispensing mechanism.  *See, e.g.*, Ex. G (depicting inhalers); Ex. H (same); Ex. I (same); Ex. J (same).

75.     Upon information and belief, Defendant had actual and constructive knowledge of the '242 Patent prior to filing ANDA No. 220811, and was aware that the filing of ANDA No. 220811 with the FDA constituted an act of infringement of the '242 Patent.

76.     Upon information and belief, Defendant knows that its proposed generic version of TRELEGY ELLIPTA and the proposed labeling for that product are especially made or adapted for use in infringing the '242 Patent, and that the proposed generic version of TRELEGY ELLIPTA and the proposed labeling for that product are not suitable for any substantial noninfringing use.  Upon information and belief, Defendant plans and intends to infringe, and will

induce and/or contribute to the infringement of, the '242 Patent, immediately and imminently upon FDA approval of ANDA No. 220811.

77.     Upon FDA approval of ANDA No. 220811, Defendant will infringe the '242 Patent by making, using, offering to sell, and selling its proposed generic version of TRELEGY ELLIPTA in the United States and/or importing such proposed generic drug product into the United States, and by actively inducing and contributing to infringement by others, in violation of 35 U.S.C. § 271(a)-(c), unless enjoined by the Court.

78.     If infringement of the '242 Patent by Defendant is not enjoined, GSK will suffer immediate, substantial, and irreparable harm for which there is no adequate remedy at law.

79.     Transpire's infringement of the '242 Patent is willful.

### COUNT III (INFRINGEMENT OF THE '726 PATENT BY DEFENDANT)

80.     Each of the preceding paragraphs 1 through 46 is incorporated as if fully set forth herein.

81.     Defendant's submission of ANDA No. 220811 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of its proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate prior to the expiration of the '726 Patent constitutes infringement of one or more of the claims of the '726 Patent under 35 U.S.C. § 271(e)(2)(A).

82.     Specifically, the composition of Defendant's proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate and the way it is proposed to be made, used, and sold as described in

Defendant's Notice Letter, will, if marketed and sold, infringe each and every limitation of one or more claims of the '726 Patent, including at least claim 12, either literally or under the doctrine of equivalents.

83.    Claim 12 of the '726 Patent recites:

A pharmaceutical combination product comprising:
a) 4-[hydroxy(diphenyl)methyl]-1-{2-[(phenylmethyl)oxy]ethyl}-1-azoniabicyclo[2.2.2]octane bromide in an amount of 62.5 mcg/dose, in the form of a dry powder;
b) 4-{(1R)-2-[(6-{2-[(2,6-dichlorobenzyl)oxy]ethoxy}hexyl)amino]-1-hydroxyethyl}-2-(hydroxymethyl)phenol triphenylacetate, in an amount of 25 mcg/dose, in the form of a dry powder,
c) 6α,9α-difluoro-17α-[(2-furanylcarbonyl)oxy]-11β-hydroxy-16α-methyl-3-oxo-androsta-1,4-diene-17β-carbothioic acid S-fluoromethyl ester (fluticasone furoate), in an amount of 100 mcg/dose, in the form of a dry powder,
d) carrier excipient, and
e) ternary agent, wherein said pharmaceutical combination product is suitable for once-daily administration, and compounds a), b) and c) are presented in a form adapted for simultaneous administration.

Ex. C at 23:32-24:10.

84.    According to Defendant's Notice Letter, and upon information and belief, the components of Defendant's proposed generic version of TRELEGY ELLIPTA have the same active ingredients, the same route of administration, the same dosage form, and the same strengths as the corresponding components of TRELEGY ELLIPTA.  *See, e.g.*, Ex. F ("abbreviated new drug application (ANDA) for fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy® Ellipta® 100/62.5/25"); Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent").

85.    Upon information and belief, use of Defendant's proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent

vilanterol trifenatate would infringe one or more claims of the '726 Patent, including at least claim 12, literally or under the doctrine of equivalents.

86.     According to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA is a pharmaceutical combination product.  For example, according to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA comprises a combination of fluticasone furoate, umeclidinium bromide, and vilanterol trifenatate inhalation powder. *See, e.g.*, Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent"); Ex. F ("abbreviated new drug application (ANDA) for fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy® Ellipta® 100/62.5/25").  Defendant's website states that its ANDA "demonstrates Transpire Bio's strong capabilities in developing complex drug device ***combination products***." Ex. F (emphasis added).

87.     According to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA comprises 4-[hydroxy(diphenyl)methyl]-1-{2-[(phenylmethyl)oxy]ethyl}-1-azoniabicyclo[2.2.2]octane bromide in an amount of about 62.5 mcg/dose, in the form of a dry powder. *See, e.g.*, Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent"); Ex. F ("abbreviated new drug application (ANDA) for fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy® Ellipta® 100/***62.5***/25" (emphasis added)); *id.* (referencing "dry-powder inhalers"); Ex. J (depicting "Rollingstar™ dry powder inhaler").

88.     According to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA comprises 4-{(1R)-2-[(6-{2-[(2,6-dichlorobenzyl)oxy]ethoxy}hexyl)amino]-1-hydroxyethyl}-2-(hydroxymethyl)phenol triphenylacetate in an amount of about 25 mcg/dose, in the form of a dry powder. *See, e.g.*, Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent"); Ex. F ("abbreviated new drug application (ANDA) for fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy® Ellipta® 100/62.5/*25*" (emphasis added)); *id.* (referencing "dry-powder inhalers"); Ex. J (depicting "Rollingstar^TM dry powder inhaler").

89.     According to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA comprises 6α,9α-difluoro-17α-[(2-furanylcarbonyl)oxy]-11β-hydroxy-16α-methyl-3-oxo-androsta-1,4-diene-17β-carbothioic   acid S-fluoromethyl ester (fluticasone furoate), in an amount of 100 mcg/dose, in the form of a dry powder. *See, e.g.*, Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent"); Ex. F ("abbreviated new drug application (ANDA) for fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy® Ellipta® *100*/62.5/25" (emphasis added)); *id.* (referencing "dry-powder inhalers"); Ex. J (depicting "Rollingstar^TM dry powder inhaler").

90.     Upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA comprises a carrier excipient.

91.     Upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA comprises a ternary agent.

92.     According to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA is a combination product suitable for once-daily administration. *See, e.g.*, Ex. F (describing ANDA No. 220811 as "demonstrat[ing] Transpire Bio's strong capabilities in developing complex drug device ***combination products***" (emphasis added)).  Specifically, according to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA has the same dosage and method of administration as TRELEGY ELLIPTA.  *See, e.g.*, Ex. F ("fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy®"); Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent").  TRELEGY ELLIPTA is administered using a once per day administration.  *See, e.g.*, Ex. L ("Maintenance treatment of COPD: 1 actuation of TRELEGY ELLIPTA 100/62.5/25 mcg ***once daily*** administered by oral inhalation." (emphasis added)).

93.     According to Defendant's Notice Letter, and upon information and belief, the compounds in Defendant's proposed generic version of TRELEGY ELLIPTA are presented in a form adapted for simultaneous administration.  *See, e.g.*, Ex. F ("fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy®"); Ex. J (depicting manufacture of medicament blister packs).

94.     Upon information and belief, Defendant had actual and constructive knowledge of the '726 Patent prior to filing ANDA No. 220811 and was aware that the filing of ANDA No. 220811 with the FDA constituted an act of infringement of the '726 Patent.

95.     Upon information and belief, Defendant knows that its proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg

base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate and the proposed labeling for that product are especially made or adapted for use in infringing the '726 Patent, and that the proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate and the proposed labeling for that product are not suitable for any substantial noninfringing use. Upon information and belief, Defendant plans and intends to infringe, and will induce and/or contribute to the infringement of the '726 Patent, immediately and imminently upon FDA approval of ANDA No. 220811.

96.     Upon FDA approval of ANDA No. 220811, Defendant will infringe the '726 Patent by making, using, offering to sell, and selling its proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate in the United States and/or importing such proposed generic drug product into the United States, and by actively inducing and contributing to infringement by others, in violation of 35 U.S.C. § 271(a)-(c), unless enjoined by the Court.

97.     If infringement of the '726 Patent by Defendant is not enjoined, GSK will suffer immediate, substantial, and irreparable harm for which there is no adequate remedy at law.

98.     Transpire's infringement of the '726 Patent is willful.

### COUNT IV (INFRINGEMENT OF THE '294 PATENT BY DEFENDANT)

99.     Each of the preceding paragraphs 1 through 46 is incorporated as if fully set forth herein.

100.    Defendant's submission of ANDA No. 220811 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of its proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate prior to the expiration of the '294 Patent constitutes infringement of one or more of the claims of the '294 Patent under 35 U.S.C. § 271(e)(2)(A).

101.    Specifically, the composition of Defendant's proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate and the way it is proposed to be made, used, and sold as described in Defendant's Notice Letter, will, if marketed and sold, infringe each and every limitation of one or more claims of the '294 Patent, including at least claims 1 and 12, literally or under the doctrine of equivalents.

102.    Claim 1 of the '294 Patent recites:

A method of treating chronic obstructive pulmonary disease in a human comprising: the once per day administration to the human of a pharmaceutical combination product, comprising:

a) a compound of the formula:

(Compound (I))

wherein X⁻ is a pharmaceutically acceptable anion, wherein Compound (I) is in an amount of about 62.5 mcg/dose in the combination product, and is in the form of a dry powder; and

b) 4-{(1R)-2-[(6-{2-[(2,6-dichlorobenzyl)oxy]ethoxy}hexyl)amino]-1-hydroxyethyl}-2-(hydroxymethyl)phenol, or a pharmaceutically acceptable salt thereof (Compound (II)), wherein Compound (II) is in an amount of about 25 mcg/dose in the combination product, and is in the form of a dry powder;

wherein Compounds (I) and (II) are presented in a form adapted for simultaneous administration.

Ex. D at 18:2-39.

103.    According to Defendant's Notice Letter, and upon information and belief, the components of Defendant's proposed generic version of TRELEGY ELLIPTA have the same active ingredients, the same route of administration, the same dosage form, and the same strengths as the corresponding components of TRELEGY ELLIPTA.  *See, e.g.*, Ex. F ("abbreviated new drug application (ANDA) for fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy® Ellipta® 100/62.5/25"); Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent").

104.     Upon information and belief, use of Defendant's proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate would infringe one or more claims of the '294 Patent, including at least claim 1, literally or under the doctrine of equivalents.

105.     According to Defendant's Notice Letter, and upon information and belief, the proposed labeling for Defendant's proposed generic version of TRELEGY ELLIPTA will instruct clinicians to administer, and patients to take, Defendant's proposed generic version of TRELEGY ELLIPTA as part of a method of treating chronic obstructive pulmonary disease in a human.  *See, e.g.*, Ex. F ("Trelegy® Ellipta® is indicated for the maintenance treatment of asthma in patients 18 years and older and the maintenance treatment of patients with chronic obstructive pulmonary disease (COPD)"); *id.* ("We are now one step closer to providing patients suffering from asthma or COPD with an affordable option and improved access to this critical medication.").

106.     According to Defendant's Notice Letter, and upon information and belief, the proposed labeling for Defendant's proposed generic version of TRELEGY ELLIPTA will instruct clinicians to administer, and patients to take, Defendant's proposed generic version of TRELEGY ELLIPTA in a once per day administration.  Specifically, according to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA has the same dosage and method of administration as TRELEGY ELLIPTA.  *See, e.g.*, Ex. F ("fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy®").  TRELEGY ELLIPTA is administered using a once per day administration.  *See, e.g.*, Ex. L ("Maintenance treatment of COPD: 1 actuation of TRELEGY ELLIPTA 100/62.5/25 mcg *once daily administered* by oral inhalation." (emphasis added)).

107.   According to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA is a pharmaceutical combination product.  *See, e.g.*, Ex. F (describing ANDA No. 220811 as "demonstrat[ing] Transpire Bio's strong capabilities in developing complex drug device ***combination products***" (emphasis added)); Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent").

108.   According to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA comprises Compound I in an amount of about 62.5 mcg/dose in the combination product in the form of a dry powder.  *See, e.g.*, Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent"); Ex. F ("abbreviated new drug application (ANDA) for fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy® Ellipta® 100/***62.5***/25" (emphasis added)); *id.* (referencing "dry-powder inhalers"); Ex. J (depicting "Rollingstar™ dry powder inhaler"); *id.* (describing ANDA No. 220811 as "demonstrat[ing] Transpire Bio's strong capabilities in developing complex drug device ***combination products***" (emphasis added)).

109.   According to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA comprises Compound II in an amount of about 25 mcg/dose in the combination product, and is in the form of a dry powder.  *See, e.g.*, Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent"); Ex. F ("abbreviated new drug application (ANDA) for fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy® Ellipta® 100/62.5/***25***" (emphasis

added)); *id.* (referencing "dry-powder inhalers"); *id.* (describing ANDA No. 220811 as "demonstrat[ing] Transpire Bio's strong capabilities in developing complex drug device *combination products*" (emphasis added)); Ex. J (depicting "Rollingstar$^{TM}$ dry powder inhaler").

110.    According to Defendant's Notice Letter, and upon information and belief, Compound I and Compound II in Defendant's proposed generic version of TRELEGY ELLIPTA are in a form adapted for simultaneous administration. *See, e.g.*, Ex. F ("fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy®"); Ex. J (depicting manufacture of medicament blister packs).

111.    Claim 12 of the '294 Patent recites:

The method according to claim 1, wherein the pharmaceutical combination product further comprises 6α,9α-difluoro-17α-[(2-furanylcarbonyl)oxy]-11β-hydroxy-16α-methyl-3-oxo-androsta-1,4-diene-17β-carbothioic acid S-fluoromethyl ester (fluticasone furoate).

Ex D at 19:14-18.

112.    Upon information and belief, the proposed labeling for Defendant's proposed generic version of TRELEGY ELLIPTA will instruct clinicians to administer, and patients to take, Defendant's proposed generic version of TRELEGY ELLIPTA as part of a method of treating chronic obstructive pulmonary disease in a human in a manner that infringes claim 1 of the '294 Patent. *Supra* ¶¶ 102-110.

113.    According to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA is a combination product further comprising        6α,9α-difluoro-17α-[(2-furanylcarbonyl)oxy]-11β-hydroxy-16α-methyl-3-oxo-androsta-1,4-diene-17β-carbothioic acid S-fluoromethyl ester (fluticasone furoate). *See, e.g.*, Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent"); Ex. F

(describing ANDA No. 220811 as "demonstrat[ing] Transpire Bio's strong capabilities in developing complex drug device ***combination products***" (emphasis added)); Ex. F ("***fluticasone furoate***, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy®" (emphasis added)).

114.    Upon information and belief, Defendant had actual and constructive knowledge of the '294 Patent prior to filing ANDA No. 220811, and was aware that the filing of ANDA No. 220811 with the FDA constituted an act of infringement of the '294 Patent.

115.    Upon information and belief, Defendant knows that its proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate and the proposed labeling for that product are especially made or adapted for use in infringing the '294 Patent, and that the proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate and the proposed labeling for that product are not suitable for any substantial noninfringing use.  Upon information and belief, Defendant plans and intends to infringe, and will induce and/or contribute to the infringement of, the '294 Patent, immediately and imminently upon FDA approval of ANDA No. 220811.

116.    Upon FDA approval of ANDA No. 220811, Defendant will infringe the '294 Patent by making, using, offering to sell, and selling its proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate in the United States and/or importing such proposed generic drug product into the United States, and by actively

inducing and contributing to infringement by others, in violation of 35 U.S.C. § 271(a)-(c), unless enjoined by the Court.

117.    If infringement of the '294 Patent by Defendant is not enjoined, GSK will suffer immediate, substantial, and irreparable harm for which there is no adequate remedy at law.

118.    Transpire's infringement of the '294 Patent is willful.

### COUNT V (INFRINGEMENT OF THE '986 PATENT BY DEFENDANT)

119.    Each of the preceding paragraphs 1 through 46 is incorporated as if fully set forth herein.

120.    Defendant's submission of ANDA No. 220811 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of its proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate prior to the expiration of the '986 Patent constitutes infringement of one or more of the claims of the '986 Patent under 35 U.S.C. § 271(e)(2)(A).

121.    Specifically, the composition of Defendant's proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate and the way it is proposed to be made, used and sold as described in Defendant's Notice Letter, will, if marketed and sold, infringe each and every limitation of one or more claims of the '986 Patent, including at least claims 1, 2, 3, 5, and 14, either literally or under the doctrine of equivalents.

122.    Claim 1 of the '986 Patent recites:

A pharmaceutical combination product comprising

a) a compound of the formula



Compound (I)

wherein $X^-$ is a pharmaceutically acceptable anion wherein Compound (I) is in an amount of about 62.5 mcg/dose in the combination product, and is in the form of a dry powder; and

b) 4-{(1R)-2-[(6-{2-[(2,6-dichlorobenzyl)oxy]ethoxy}hexyl)amino]-1-hydroxyethyl}-2-(hydroxymethyl)phenol, or a pharmaceutically acceptable salt thereof (Compound II),

wherein Compound (II) is in an amount of about 25 mcg/dose in the combination product, and is in the form of a dry powder,

wherein said pharmaceutical combination product is suitable for once daily administration, and

wherein compounds (a) and (b) are presented in a form adapted for simultaneous administration.

Ex. E at 18:28-65.

123.   According to Defendant's Notice Letter, and upon information and belief, the components of Defendant's proposed generic version of TRELEGY ELLIPTA have the same active ingredients, the same route of administration, the same dosage form, and the same strengths as the corresponding components of TRELEGY ELLIPTA.  *See, e.g.*, Ex. F ("abbreviated new drug application (ANDA) for fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy® Ellipta® 100/62.5/25"); Ex. K at 3 ("fluticasone furoate 100

mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent").

124.    Upon information and belief, use of Defendant's proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate would infringe one or more claims of the '986 Patent, including at least claim 1, literally or under the doctrine of equivalents.

125.    Upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA is a pharmaceutical combination product. *See, e.g.*, Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent"); Ex. F (describing ANDA No. 220811 as "demonstrat[ing] Transpire Bio's strong capabilities in developing complex drug device ***combination products***" (emphasis added)).

126.    Upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA comprises Compound I in an amount of about 62.5 mcg/dose in the combination product, and in the form of a dry powder. *See, e.g.*, Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent"); Ex. F ("abbreviated new drug application (ANDA) for fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy® Ellipta® 100/***62.5***/25" (emphasis added)); *id.* (referencing "dry-powder inhalers"); Ex. J (depicting "Rollingstar™ dry powder inhaler").

127.    Upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA comprises Compound II in an amount of 25 mcg/dose in the combination product, and

in the form of a dry powder.  *See, e.g.*, Ex. F ("abbreviated new drug application (ANDA) for fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy® Ellipta® 100/62.5/*25*" (emphasis added)); *id.* (referencing "dry-powder inhalers"); Ex. J (depicting "Rollingstar^TM dry powder inhaler").

128.    Upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA is a pharmaceutical combination product suitable for once daily administration.  *See, e.g.*, Ex. F (describing ANDA No. 220811 as "demonstrat[ing] Transpire Bio's strong capabilities in developing complex drug device ***combination products***" (emphasis added)).  According to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA has the same dosage and method of administration as TRELEGY ELLIPTA.  *See, e.g.*, Ex. F ("fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy®").  TRELEGY ELLIPTA is administered using a once per day administration.  *See, e.g.*, Ex. L ("Maintenance treatment of COPD: 1 actuation of TRELEGY ELLIPTA 100/62.5/25 mcg once daily administered by oral inhalation.").

129.    Upon information and belief, Compound I and Compound II in Defendant's proposed generic version of TRELEGY ELLIPTA are in a form adapted for simultaneous administration.  *See, e.g.*, Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent"); Ex. F ("fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy®"); Ex. J (depicting manufacture of medicament blister packs).

130.    Claim 2 of the '986 Patent recites:

The combination product according to claim 1, wherein for Compound (I) the pharmaceutically acceptable anion is selected from the group consisting of

> chloride, bromide, iodide, hydroxide, sulfate, nitrate, phosphate, acetate, trifluoroacetate, fumarate, citrate, tartrate, oxalate, succinate, mandelate, methanesulfonate or p-toluenesulfonate.

Ex. E at 18:66-19:4.

131.    According to Defendant's Notice Letter, and upon information and belief, the components of Defendant's proposed generic version of TRELEGY ELLIPTA have the same active ingredients, the same route of administration, the same dosage form, and the same strengths as the corresponding components of TRELEGY ELLIPTA.  *See, e.g.*, Ex. F ("abbreviated new drug application (ANDA) for fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy® Ellipta® 100/62.5/25"); Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent").

132.    Upon information and belief, use of Defendant's proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate would infringe one or more claims of the '986 Patent, including at least claim 2, literally or under the doctrine of equivalents.

133.    According to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA and the way it is proposed to be made, used and sold as described in Defendant's Notice Letter, will, if marketed and sold, infringe each and every limitation of claim 1 of the '986 Patent.  *Supra* ¶¶ 122-129.

134.    According to Defendant's Notice Letter, and upon information and belief, the pharmaceutically acceptable anion for Compound I in Defendant's proposed generic version of TRELEGY ELLIPTA is bromide.  *See, e.g.*, Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate

25 mcg base/inhalation equivalent"); Ex. F ("abbreviated new drug application (ANDA) for fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a ***generic version of Trelegy® Ellipta®*** 100/62.5/25" (emphasis added)); Ex. L ("Umeclidinium bromide").

135.    Claim 3 of the '986 Patent recites:

The combination product according to claim 2, wherein Compound (I) is 4-[hydroxy(diphenyl)methyl]-1-{2-[(phenylmethyl)oxy]ethyl}-1-azoniabicyclo[2.2.2]octane bromide.

Ex. E at 19:5-8.

136.    According to Defendant's Notice Letter, and upon information and belief, the components of Defendant's proposed generic version of TRELEGY ELLIPTA have the same active ingredients, the same route of administration, the same dosage form, and the same strengths as the corresponding components of TRELEGY ELLIPTA.  *See, e.g.*, Ex. F ("abbreviated new drug application (ANDA) for fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy® Ellipta® 100/62.5/25"); Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent").

137.    Upon information and belief, use of Defendant's proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate would infringe one or more claims of the '986 Patent, including at least claim 3, literally or under the doctrine of equivalents.

138.    According to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA and the way it is proposed to be made, used and sold as described in Defendant's Notice Letter, will, if marketed and sold, infringe each and every limitation of claims 1 and 2 of the '986 Patent.  *Supra* ¶¶ 122-134.

139.     According to Defendant's Notice Letter, and upon information and belief, Compound I in Defendant's proposed generic version of TRELEGY ELLIPTA is 4-[hydroxy(diphenyl)methyl]-1-{2-[(phenylmethyl)oxy]ethyl}-1-azoniabicyclo[2.2.2]octane bromide. *See, e.g.*, Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent"); Ex. F ("abbreviated new drug application (ANDA) for fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy® Ellipta® 100/62.5/25").

140.     Claim 5 of the '986 Patent recites:

The combination product according to claim 3, wherein Compound (II) is 4-{(1R)-2-[(6-{2-[(2,6-dichlorobenzyl)oxy]ethoxy}hexyl)amino]-1-hydroxyethyl}-2-(hydroxymethyl)phenol triphenylacetate.

Ex. E at 19:14-17.

141.     According to Defendant's Notice Letter, and upon information and belief, the components of Defendant's proposed generic version of TRELEGY ELLIPTA have the same active ingredients, the same route of administration, the same dosage form, and the same strengths as the corresponding components of TRELEGY ELLIPTA. *See, e.g.*, Ex. F ("abbreviated new drug application (ANDA) for fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy® Ellipta® 100/62.5/25"); Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent").

142.     Upon information and belief, use of Defendant's proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent

vilanterol trifenatate would infringe one or more claims of the '986 Patent, including at least claim 5, literally or under the doctrine of equivalents.

143.    According to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA and the way it is proposed to be made, used and sold as described in Defendant's Notice Letter, will, if marketed and sold, infringe each and every limitation of claims 1-3 of the '986 Patent. *Supra* ¶¶ 122-139.

144.    According to Defendant's Notice Letter, and upon information and belief, Compound II in Defendant's proposed generic version of TRELEGY ELLIPTA is 4-{(1R)-2-[(6-{2-[(2,6-dichlorobenzyl)oxy]ethoxy}hexyl)amino]-1-hydroxyethyl}-2-(hydroxymethyl)phenol triphenylacetate. *See, e.g.*, Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent"); Ex. F ("abbreviated new drug application (ANDA) for fluticasone furoate, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy® Ellipta® 100/62.5/25").

145.    Claim 14 of the '986 Patent recites:

The combination product according to claim 5, wherein the pharmaceutical combination product further comprises 6α,9α-difluoro-17α-[(2-furanylcarbonyl)oxy]-11β-hydroxy-16α-methyl-3-oxo-androsta-1,4-diene-17β-carbothioic acid S-fluoromethyl ester (fluticasone furoate).

Ex. E at 19:51-55.

146.    According to Defendant's Notice Letter, and upon information and belief, the components of Defendant's proposed generic version of TRELEGY ELLIPTA have the same active ingredients, the same route of administration, the same dosage form, and the same strengths as the corresponding components of TRELEGY ELLIPTA. *See, e.g.*, Ex. F ("abbreviated new drug application (ANDA) for fluticasone furoate, umeclidinium, and vilanterol inhalation powder,

a generic version of Trelegy® Ellipta® 100/62.5/25"); Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent").

147.     Upon information and belief, use of Defendant's proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate would infringe one or more claims of the '986 Patent, including at least claim 14, literally or under the doctrine of equivalents.

148.     According to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA and the way it is proposed to be made, used and sold as described in Defendant's Notice Letter, will, if marketed and sold, infringe each and every limitation of claims 1-3, and 5 of the '986 Patent. *Supra* ¶¶ 122-144.

149.     According to Defendant's Notice Letter, and upon information and belief, Defendant's proposed generic version of TRELEGY ELLIPTA further comprises 6α,9α-difluoro-17α-[(2-furanylcarbonyl)oxy]-11β-hydroxy-16α-methyl-3-oxo-androsta-1,4-diene-17β-carbothioic acid S-fluoromethyl ester (fluticasone furoate). *See, e.g.*, Ex. K at 3 ("fluticasone furoate 100 mcg/inhalation equivalent, umeclidinium bromide 62.5 mcg base/inhalation equivalent, and vilanterol trifenatate 25 mcg base/inhalation equivalent"); Ex. F ("abbreviated new drug application (ANDA) for ***fluticasone furoate***, umeclidinium, and vilanterol inhalation powder, a generic version of Trelegy® Ellipta® 100/62.5/25" (emphasis added)).

150.     Upon information and belief, Defendant had actual and constructive knowledge of the '986 Patent prior to filing ANDA No. 220811, and was aware that the filing of ANDA No. 220811 with the FDA constituted an act of infringement of the '986 Patent.

151.     Upon information and belief, Defendant knows that its proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate and the proposed labeling for that product are especially made or adapted for use in infringing the '986 Patent, and that the proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate and the proposed labeling for that product are not suitable for any substantial noninfringing use.  Upon information and belief, Defendant plans and intends to infringe, and will induce and/or contribute to the infringement of, the '986 Patent, immediately and imminently upon FDA approval of ANDA No. 220811.

152.     Upon FDA approval of ANDA No. 220811, Defendant will infringe the '986 Patent by making, using, offering to sell, and selling its proposed generic version of TRELEGY ELLIPTA containing 100 mcg/inhalation equivalent fluticasone furoate, 62.5 mcg base/inhalation equivalent umeclidinium bromide, and 25 mcg base/inhalation equivalent vilanterol trifenatate in the United States and/or importing such proposed generic drug product into the United States, and by actively inducing and contributing to infringement by others, in violation of 35 U.S.C. § 271(a)-(c), unless enjoined by the Court.

153.     If infringement of the '986 Patent by Defendant is not enjoined, GSK will suffer immediate, substantial, and irreparable harm for which there is no adequate remedy at law.

154.     Transpire's infringement of the '986 Patent is willful.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant the following relief:

1.      A judgment that one or more claims of the Asserted Patents are infringed by Defendant's submission of ANDA No. 220811, and that the making, using, offering to sell, or selling in the United States, or importing into the United States, of Defendant's proposed generic version of TRELEGY ELLIPTA as described in ANDA No. 220811 by Defendant will directly infringe, actively induce infringement, and/or contribute to the infringement of the Asserted Patents, literally or under the doctrine of equivalents;

2.      An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 220811 shall be a date that is not earlier than the expiration date of the Asserted Patents, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

3.      An order permanently enjoining Defendant, its affiliates, subsidiaries, and each of its officers, agents, servants and employees, and those acting in privity or concert with them, from making, using, offering to sell, or selling in the United States, or importing into the United States, Defendant's proposed generic version of TRELEGY ELLIPTA inhalation powder associated with ANDA No. 220811 until after the expiration date of the Asserted Patents, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

4.      Damages or other monetary relief to Plaintiffs if Defendant engages in commercial manufacture, use, offers to sell, sale, and/or importation in or into the United States of Defendant's proposed generic version of TRELEGY ELLIPTA as described in ANDA No. 220811 prior to the expiration of the Asserted Patents, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled, and that such damages or monetary relief be trebled and awarded to GSK with prejudgment and post-judgment interest;

5.      That Plaintiffs be awarded their fees and costs incurred in this litigation; and

6.      Such further relief as this Court deems proper and just, including but not limited to any appropriate relief under Title 35.

Date:  March 6, 2026

OF COUNSEL

Robert J. Gunther, Jr. (*pro hac vice* forthcoming)
Christopher R. Noyes (*pro hac vice* forthcoming)
Laura Macro (*pro hac vice* forthcoming)
Gabriel Rosanio (*pro hac vice* forthcoming)
Lauren E. Matlock-Colangelo
    (*pro hac vice* forthcoming)
Lance M. Peterzell (*pro hac vice* forthcoming)
Stephanie M. Zielinski
    (*pro hac vice* forthcoming)
**WILMERHALE**
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8800

Lisa J. Pirozzolo (*pro hac vice* forthcoming)
James M. Lyons (*pro hac vice* forthcoming)
**WILMERHALE**
60 State Street
Boston, Massachusetts  02109
Tel: (617) 526-6000

Bansri R. Patel (*pro hac vice* forthcoming)
**WILMERHALE**
2600 El Camino Real
Palo Alto, California  94306
Tel: (650) 858-6000

*/s/ Mark F. Raymond*

Mark F. Raymond, Esq.
Florida Bar No. 373397
Michael T. Woods, Esq.
Florida Bar No. 125889
Tammy Terry (*pro hac vice* forthcoming)
Nelson Mullins Riley & Scarborough,
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
Tel: (305) 373-9400
mark.raymond@nelsonmullins.com
michael.woods@nelsonmullins.com
tammy.terry@nelsonmullins.com

*Attorneys for Plaintiffs*
*GlaxoSmithKline Intellectual Property*
*Development Limited, GlaxoSmithKline LLC,*
*and Glaxo Group Limited*